RIPLEY, EX PARTE.

4-7821                                     192 S. W. 2d 127

Opinion delivered February 4, 1946.

*Suzanne Chalfant Lighton,* for appellant.

HOLT, J.    June 29, 1945, Charles Morrow Wilson, Carl V. Wilson and Kate Wilson Ripley, brothers and sister, filed *ex parte* petition to confirm title to three

adjoining tracts of real estate in Washington county, Arkansas.

They alleged that Charles Morrow Wilson "is the owner and in possession of tract 1 (describing it), tract 2 (describing it), and an undivided one-third interest in and to tract 3 (describing it)."

That petitioners,, Kate Wilson Ripley and Carl V. Wilson, "own an undivided one-third interest each in and to tract No. 3 above described," etc.

"That petitioners have no knowledge of any other person who has or claims to have an interest in such land; that the record title is imperfect, but the actual title to said lands is in the petitioners."

Their prayer was "for a decree quieting and confirming their title in and to all of the above described land," etc.

The cause was submitted to the trial court on the petition, "record and documentary evidence" and certain affidavits, from all of which the court found "that petitioner, Charles Morrow Wilson, is the owner of tracts Nos. 1 and 2 and of an undivided one-third interest in tract No. 3 (all tracts fully described as in petition), and by reason of such ownership, adverse possession and payment of taxes, is entitled to a decree confirming and quieting his title in and to tracts Nos. 1 and 2 and to an undivided one-third interest in tract No. 3. The court further finds that there is a misjoinder of parties in that Kate Wilson Ripley and Carl V. Wilson have joined in said complaint praying for a decree confirming their alleged title in and to an undivided one-third interest each in said described tract No. 3; that neither Kate Wilson Ripley nor Carl V. Wilson assert or have title or color of title to either tract No. 1 or tract No. 2, and that by reason of such misjoinder are not entitled to the relief prayed for in the same cause of action with petitioner, Charles Morrow Wilson."

A decree was entered in accordance with these findings quieting and confirming title to tracts 1 and 2 and an undivided one-third interest in tract 3 in Charles Mor-

row Wilson, and the petition as to Kate Wilson Ripley and Carl V. Wilson was dismissed for want of equity..

Kate W. Ripley and Carl V. Wilson have appealed. This was not an adversary action. There is no question as to the ownership of the three tracts of real estate in question. The only question for consideration here is: Were the three parties who brought the original suit properly joined as plaintiffs?

Appellants earnestly insist that they were properly joined with their brother, Charles Morrow Wilson, as petitioners, and that the court erred in holding otherwise, and in dismissing the petition as to them. We think this contention must be sustained.

On the record before us, it appears that appellants and their brother, Charles M. Wilson, in order to avoid a multiplicity of suits and unnecessary costs, joined as petitioners to quiet their title to the property in question. This method of procedure was, we think, clearly given to them by Act 334 of the 1941 Acts of Arkansas. Section 1 of that act provides: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. . . . A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." Under this section, appellants as two of the petitioners below, "need not be interested in obtaining . . . all the relief demanded" in the petition. They were each entitled to have title to an undivided one-third interest in tract 3 quieted in them. They were interested equally with their brother, Charles Morrow Wilson, in this third tract, a part of the subject-matter, and in obtaining the relief demanded as to this tract. As the plain terms of the act provide:

704

"Judgment may be given for one or more of the plaintiffs according to their respective rights to relief."

For the error indicated, the decree is reversed and the cause remanded with directions to enter a decree in accordance with th prayer of the petition.